UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IDEARC MEDIA LLC,

    Plaintiff,

v.	Case No. 8:09-CV-2123-T-17TBM

THE HAMILTON GROUP MANAGEMENT
COMPANY, INC. and COMMERCIAL
MAINTENANCE MANAGEMENT INC. ,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Default Judgment as to Defendants, The Hamilton Group Management Company, Inc. and Commercial Maintenance Management, Inc., and Incorporated Memorandum of Law (Dkt. 10)[1], and Plaintiff's Affidavit in Support of Motion for Default (Dkt. 10-3). The Court, having considered the motion, affidavit, memorandum, exhibits, account stated, complaint, and being otherwise advised in the premises, finds that Plaintiff's motion should be granted.

**I.	Background.**

Plaintiff IDEARC Media Corp., ("Plaintiff") is a Delaware corporation with its principal place of business located in Texas. Defendants, The Hamilton Group Management

---

[1] Defendants were served on or about November 2, 2009. Defendants have not responded to Plaintiff's Motion for Default Judgment and has not sought to plead or otherwise defend itself in this action. On December 9, 2009, a Clerk's Default was entered as to Defendants, The Hamilton Group Management Company, Inc. And Commercial Maintenance Management, Inc.

Case No. 8:09-CV-2123-T-17TBM

Company, Inc. and Commercial Maintenance Management, Inc. ("Defendants") are Florida limited liability companies with their principle place of business located in Sarasota County, Florida. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The Complaint brings four causes of action, alleging: Count I - Breach of Contracts, Count II - Quantum Meruit, Count III - Open Account, and Count IV - Account Stated.

Plaintiff is a national publisher of telephone directories and an on-line telephone directory. Defendants advertised their services in several telephone directories published by Plaintiff. Defendants entered into several written contracts with Plaintiff to advertise in several of Plaintiff's telephone books as well as in an online directory, for a mutually agreed upon price. Plaintiff published Defendants' advertisements in the agreed-upon directories, as specified in the contracts.[2] The total outstanding balance for the advertising services is $150,632.45. Pursuant to the written contracts between the parties, Plaintiff is entitled to contractual late charges at a simple interest rate of 1.38% per month.

**II.    Default Judgment Standard**.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a).

However, it is well established that "a defendant's default does not in itself warrant the court entering a default judgment." *DirectTV, Inc. v. Trawick*, 359 F.Supp.2d 1204, 1206 (M.D. Ala. 2005), quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d

---

[2] Dkt. 1, Composite Exhibit A.

Case No. 8:09-CV-2123-T-17TBM

1200, 1206 (5th Cir. 1975). There must be a sufficient basis in the pleadings for the judgment entered. *See Nishimatsu* at 1206. The defendant is not held to admit facts that are not well pled or to admit conclusions of law. *See id.*

Accordingly, in ruling on a motion for default judgment the Court must examine in further detail the defendant's liability under the causes of action alleged in the complaint. *DirectTV* at 1206. Whether to grant a motion for default judgment is within the trial court's discretion. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir. 1985).

**III. Discussion.**

    **A.    Count I - Breach of Contract.**

"Under Florida law, the elements for a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages." *J.J. Gumberg Co. v. Janis Services, Inc.*, 847 So.2d 1048, 1049 (Fla. 4th DCA 2003); *Bland v. Freightliner LLC*, 206 F.Supp.2d 1202, 1210 (M.D. Fla. 2002).

Upon a review of the Complaint, the Court concludes that Plaintiff has sufficiently alleged all required elements of a breach of contract action. Plaintiff has alleged total damages of $150,632.45, which consist of advertising services in the amount of $122,010.06, and contractual late fees in the amount of $28,622.39 as of December 15, 2009 (pursuant to the contract between the parties late fees continue to accrue at the rate of 1.38% per month).

    **B.    Count II - Quantum Meruit.**

Case No. 8:09-CV-2123-T-17TBM

To satisfy the elements of quantum meruit, a plaintiff must allege facts that, taken as true, show that the plaintiff provided, and the defendant assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it." *W.R. Townsend Contracting, Inc. v. Jensen Civil Construction, Inc.*, 728 So. 2d 297, 305 (Fla. 1st DCA 1999), citing *Osteen v. Morris*, 481 So. 2d 1287, 1289-90 (Fla. 5th DCA 1986).

Upon a review of the allegations contained in the Complaint, the Court concludes that the allegations pled by Plaintiff are sufficient to state a claim under the doctrine of quantum meruit. Plaintiff has alleged facts that, if taken as true, show that Plaintiff provided and Defendants assented to and received a benefit in the form of consulting and advertising services.

**C.      Count III - Open Account.**

An open account is "one which is based upon a connected series of transactions, and which has no break or interruption." 1 Am.Jur.2d *Accounts and Accounting* §4. In Florida, an open account has been defined as an "unsettled debt arising from items of work and labor, goods sold and delivered with the expectation of further transactions subject to further settlement." *Central Insurance Underwriters, Inc. v. National Insurance Finance Company*, 599 So.2d 1371, 1373 (Fla. 3d DCA 1992), citing *Robert W. Gottfried, Inc. v. Cole*, 454 So.2d 695, 696 (Fla. 4th DCA 1984). Money advanced may form the basis of an open account. 1 Am.Jur.2d *Accounts and Accounting* §7. The three essential elements of an action based on an open account claim are: (1) that a sales contract existed between

4

Case No. 8:09-CV-2123-T-17TBM

the creditor and debtor; (2) that the amount claimed by the creditor represents either the agreed on sales price or the reasonable value of the goods delivered; and (3) that the goods were actually delivered. *See Alderman Interior Systems, Inc. v. First National-Heller Factors, Inc.*, 376 So.2d 22, 24; *Evans v. Delro Industries, Inc.*, 509 So.2d 1262, 1263 (Fla. 1st DCA 1987). Additionally, in order to state a valid claim on an open account, the claimant must attach an "itemized" copy of the account. *H&H Design Builders, Inc. v. Travelers' Indemnity Company*, 639 So.2d 697, 700 (Fla. 5th DCA 1994), citing *Moore v. Boyd*, 62 So.2d 427 (Fla. 1952). *See also* Florida Rules of Civil Procedure Form 1.932 (noting "a copy of the account showing items, time of accrual of each, and amount of each must be attached").

Upon a review of the allegations contained in the Complaint, the Court concludes that the allegations pled by Plaintiff are sufficient to state a claim for open account. Plaintiff has attached an itemized copy of the account as Composite Exhibit "B" to the Complaint.

**D. Count IV - Account Stated.**

"An 'account stated' is defined as an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions and promising payment." *Nants v. Federal Deposit Insurance Corporation*, 864 F.Supp. 1211, 1219 (S.D. Fla. 1994), citing 1 Fla.Jur.2d *Accounts and Accounting* §5. "[A]n account stated generally arises from the rendition of a statement of transactions between the parties with a failure on the part of the party whom the account was rendered to object within a reasonable time or an express acquiescence in the account rendered." *Nants*, 864 F.Supp. at 1219. A plaintiff may prove a prima facie case for account stated by proffering evidence that the

Case No. 8:09-CV-2123-T-17TBM

account was rendered under circumstances which raise a presumption of assent. *Id.* at 1219-20; *see also* 1 Fla.Jur.2d *Accounts and Accounting* §14. The practice of periodic billings for certain amounts in the regular course of business, where no objection to the amount of the bill is made within a reasonable time, may raise such a presumption. *Id.*, citing *F.D.I.C. v. Brodie*, 602 So.2d 1358, 1361 (Fla. 3d DCA 1992); *see also First Union Discount Brokerage Services, Inc. v. Milos*, 997 F.2d 835, 841 (11th Cir. 1993). "[T]he presumption of correctness which attaches in an account stated stems from the statements themselves." *See Nants* at 1221; *see also* Florida Rules of Civil Procedure Form 1.933 (noting "a copy of the account showing items, time of accrual of each, and amount of each must be attached"). Upon a review of the allegations contained in the Complaint, the Court concludes that the allegations pled by Plaintiff are sufficient to state a claim for account stated. Plaintiff has attached a statement of transactions between the parties as Composite Exhibit "B" to the Complaint.

Accordingly, the Court concludes that Plaintiff's Motion for Default Judgment as to Counts I through IV should be granted. Accordingly it is

**ORDERED and ADJUDGED** that:

1. Plaintiff's Motion for Entry of Default Judgment as to Defendants, The Hamilton Group Management Company, Inc. And Commercial Maintenance Management, Inc. and Incorporated Memorandum of Law (Dkt. 10) is **granted**.

2. A separate **Final Default Judgment** in favor of Plaintiff IDEARC Media Corp. and against Defendants, The Hamilton Group Management Company, Inc. and Commercial Maintenance Management, Inc., in the total amount of **$150,632.45** (consisting

Case No. 8:09-CV-2123-T-17TBM

of $122,010.06 in advertising services and $28,622.39 in contractual late fees as of December 15, 2009), jointly and severally, will be entered. The Court reserves jurisdiction for entry of a a judgment as to attorney's fees and costs..

3. The Clerk of Court **shall close** this case and **terminate** any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on the 7th day of January,. 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
All parties and counsel of record